UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALEXANDRIA MARIE WALKER,

                              Plaintiff,

     v.                                              Case No. 17-cv-1462-pp

SARAH COOPER,

                              Defendant.

---

**ORDER REQUIRING PLAINTIFF TO RESPOND
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

On July 27, 2018, the defendant filed a motion for summary judgment. Dkt. No. 17. Under Civil Local Rule 56(b)(2), the plaintiff's response materials were due on August 27, 2018. The court has not received anything from the plaintiff since it received her second amended complaint on December 27, 2017. Dkt. No. 9.

On January 26, 2018, the court received by return mail a document it had sent to the plaintiff at Taycheedah Correctional Institution; the return indicated that the plaintiff had been released to extended supervision. Dkt. No. 14. The Department of Corrections' inmate locator service shows that she was released on January 9, 2018. See https://appsdoc.wi.gov/lop/detail.do. The plaintiff did not send the court an address update at that time. But at the very end of her second amended complaint, which the court received on December 27, 2017, the plaintiff wrote, "Let it be noted that Im being released from prison

January 9th. My home address is 2222 Independence #9, Madison, WI 53704."
Dkt. No. 9 at 5.

The court missed this notation, and failed to update the plaintiff's address. Accordingly, the court mailed its March 9, 2018 scheduling order to the plaintiff via her Supervising Probation Agent. Dkt. No. 16. It is likely that the plaintiff did not receive the court's scheduling order, which indicated that she needed to file her response to any motion for summary judgment "within 30 days of service of the motion." Dkt. No. 16. The *defendant*, however, mailed the summary judgment motion and brief to the defendant at the home address she'd listed in the second amended complaint: 2222 Independence #9, Madison, WI 53704. Dkt. No. 17-1. Assuming the plaintiff had not moved to another address between December 2017 and July 2018, when the defendant sent her the summary judgment motion, the plaintiff should have received the summary judgment motion.

The defendant did not, however, comply with Civil L.R. 56(a)(1), which required the defendant to attach to the summary judgment motion the text of Civil L.R. 56(b); that is the rule that contains the thirty-day deadline for responding. So it is possible that even if she received the motion for summary judgment, the plaintiff did not know that she had only thirty days to respond.

The fact that the plaintiff has not been in touch with the court for over nine months, and has not responded to the summary judgment motion even though the defendant mailed it to the address she listed, indicates that she may no longer wish to go forward with this lawsuit. On the chance, however,

that she *does* want to go forward, but did not realize that she had to respond to the defendant's motion for summary judgment, the court will give her one more chance. If the plaintiff does not file her response to the defendant's motion for summary judgment by the deadline the court sets below, the court will conclude that she does not want to prosecute this case, and will dismiss it without prejudice and without further notice to the plaintiff. See Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.")

The court is including with this order the defendant's summary judgment materials. The plaintiff must respond to each of the defendant's proposed facts (by agreeing with the proposed fact or explaining why she disagrees with the proposed fact; if the plaintiff does not indicate one way or the other, the court will assume that she agrees with the proposed fact), and she must respond to the legal arguments in the defendant's brief. The plaintiff must support her facts or her disagreement with the defendants' facts with evidence. She can do that by relying on the information and documents she received during discovery or by telling the court her version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746[1]. An unsworn declaration is a

---

[1] If the plaintiff chooses to file an unsworn declaration, she should state at the bottom of that declaration: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

way for the plaintiff to tell her side of the story while declaring to the court that everything she has written down is true and correct.

The court **ORDERS** that the plaintiff either shall respond to the defendant's motion for summary judgment or file a letter explaining why she is unable to do so, in time for the court to receive it by the end of the day on **Friday, November 2, 2018**. If the court does not hear from the plaintiff by that date, the court will dismiss this case based on the plaintiff's failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin, this 2nd day of October, 2018.

BY THE COURT:

HON. PAMELA PEPPER
**United States District Judge**